PER CURIAM.
 

 This matter is before the Coui't for consideration of proposed amendments to the Florida Rules of Appellate Procedure. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(f).
 

 The Appellate Court Rules Committee (committee) filed an out-of-cycle report on May 18, 2009, proposing amendments to rule 9.142(a)(1), Procedures for Review in Death Penalty Cases/Procedures in Death Penalty Appeals/Record, and to rule 9.200(a), The Record/Contents. The proposals arose from two separate requests by the Court to consider rule amendments. The committee published its proposed amendments to rule 9.142 in the May 1,
 
 *381
 
 2008, edition of
 
 The Florida Bar News,
 
 and published its proposed amendments to rule 9.200 in the March 15, 2009, edition. No comments were received in respect to either rule. As discussed below, we adopt the committee’s proposed amendments to rule 9.142(a)(1) as submitted, and to rule 9.200(a) with slight modification.
 

 Rule 9.142 specifically pertains to procedures for review in death penalty cases; subdivision (a) is limited to death penalty appeals. We asked that the committee consider two matters: first, what constitutes a “complete” record where the trial court denies relief under rule 3.851, Collateral Relief After Death Sentence Has Been Imposed And Affirmed on Direct Appeal, by referencing, rather than attaching, portions of the record; and secondly, whether the record from the direct appeal, or any part thereof, should automatically be included in the record in the postconviction appeal. Rule 9.142, as amended, refines what constitutes the complete record in capital appeals, and requires inclusion of transcripts of all hearings. In addition, the amendment clarifies that the record shall exclude items that have been included in the record in prior appeals from the same case. Lastly, we specify that the Court will have access to prior appellate records and writ proceedings involving a challenge to the same judgment of conviction and sentence by way of judicial notice.
 

 Rule 9.200(a) governs the contents of the record on appeal in all cases. We asked that the committee consider whether the rule should be amended to require all original exhibits, including physical exhibits, to be retained in the trial court, unless otherwise ordered by the appellate court and only copies of the exhibits, when feasible, to be sent to the appellate court. The rule amendment clarifies that in all criminal appeals, only exhibits that are not physical evidence are to be included in the record on appeal unless otherwise designated by the parties. Moreover, unless ordered by the Court, only copies of any exhibit, including physical evidence if designated by the parties, shall be filed as part of the record. We modify the committee’s proposal to clarify that the record on appeal in criminal cases includes, and is not limited to, copies of any tapes, CDs, DVDs, or similar electronically recorded evidence.
 

 We hereby adopt the amendments to the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. Committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon filing of this opinion. It is so ordered.
 

 APPENDIX
 

 RULE 9.142. PROCEDURES FOR REVIEW IN DEATH PENALTY CASES
 

 (a) Procedure in Death Penalty Appeals.
 

 (1) Record.
 

 (A) When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court. Transcripts of all proceedings conducted in the lower tribunal shall be included in the record under these rules.
 

 (B) The complete record in a death penalty appeal shall include all items required by rule 9.200 and by any order issued by the supreme court. In any appeal following the initial direct appeal, the record transmitted shall begin with the most recent mandate issued by the su
 
 *382
 
 preme court, or the most recent filing not already transmitted in a prior record in the event the preceding appeal was disposed of without a mandate, and shall exclude any materials already transmitted to the supreme court as the record in any prior appeal.
 

 (C) The supreme court shall take judicial notice of the appellate records in all prior appeals and writ proceedings involving a challenge to the same .judgment of conviction and sentence of death. Appellate records subject to judicial notice under this subdivision shall not be duplicated in the record transmitted for the appeal under review.
 

 (2)-(6) [No change]
 

 (b)-(d) [No change]
 

 Committee Notes
 

 2009 Amendment. Subdivision (a)(1) has been amended to clarify what is meant by the phrase “complete record” in any death penalty appeal. A complete record in a death penalty appeal includes all items required by rule 9,200 and by any order issued by the supreme court, including any administrative orders such as In Re: Record in Capital Cases (Fla. July 6, 1995). It is necessary for transcripts of all hearings to be prepared and designated for inclusion in the record in all death penalty cases under rules 9.200(b), 9.140(f)(2), and 9.142(a)(2), to ensure completeness for both present and future review. The supreme court permanently retains the records in all death penalty appeals and writ proceedings arising from a death penalty case. See rule 9.140(f)(5); Florida Rule of Judicial Administration 2.430(e)(2). These records are available to the supreme court when reviewing any subsequent proceeding involving the same defendant without the need for inclusion of copies of these records in the record for the appeal under review. Subdivision (a)(1) does not limit the ability of the parties to rely on prior appellate records involving the same defendant and the same .judgment of conviction and sentence of death. Subdivision (a)(1)(B) is intended to ensure, among other things, that all documents filed in the lower tribunal under Florida Rule of Criminal Procedure 3.852 are included in the records for all appeals from final orders disposing of motions for postconviction relief filed under rule 3.851. This rule does not limit the authority to file directions under rule 9.200(a)(3), or to correct or supplement the record under rule 9.200(f).
 

 RULE 9.200. THE RECORD
 

 (a) Contents.
 

 (1) Except as otherwise designated by the parties, the record shall consist of the original documents, all exhibits that are not physical evidence, and any transcripts) of proceedings, if any» filed in the lower tribunal, except summonses, prae-cipes, subpoenas, returns, notices of hearing or of taking deposition, depositions, and other discovery»' and physical evidence. In criminal cases, when any exhibit, including physical evidence, is to be included in the record, the clerk of the lower tribunal shall not, unless ordered by the court, transmit the original and, if capable of reproduction, shall transmit a copy, including but not limited to copies of any tapes, CDs, DVDs, or similar electronically recorded evidence. The record shall also include a progress docket.
 

 (2)-(4) [No change]
 

 (b)-(g) [No change]
 

 Committee Notes
 

 [No change]